UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO: 12-103-GFVT-EBA

EMORY JOHNNY CAVENDER                                                    PETITIONER,

V.

**MAGISTRATE JUDGE'S REPORT
& RECOMMENDATION**

STEVE HANEY, Warden,                                                      RESPONDENT.

\* \* \* \* \* \* \* \* \* \*

The Petitioner, Emory Johnny Cavender, was convicted of Murder on January 15, 1999, and sentenced to life imprisonment on March 14, 1999. [R. 1]. He then directly appealed to the Kentucky Supreme Court, which affirmed his conviction on October 25, 2001. [R.22, Ex. 3]. On April 25, 2002, he filed a RCr 11.42 motion for post-conviction relief before the Wolfe County Circuit Court, alleging various grounds of ineffective assistance of trial and appellate counsel. [R. 1, p. 3; Ex. 5]. That motion remained pending before the Wolfe Circuit Court while Cavender supplemented his post-conviction motion in October 2005; attempted to reopen his direct appeal to the Kentucky Supreme Court in 2006; had evidentiary hearings on his RCr 11.42 motion in June and July, 2010; and sought and obtained a writ of mandamus from the Kentucky Supreme Court concerning aspects of his evidentiary hearing. [R.22, Ex. 3]. It was finally ruled upon on April 24, 2010, and on May 15, 2012, the trial court denied Cavender's motion for additional findings. [R. 22, Ex. 3]. On May 25, 2012, Cavender filed a notice of appeal to the Kentucky Court of Appeals from the denial of his RCr 11.42 motion, and that appeal is currently pending. [R. 22, Ex. 3].

On April 6, 2012, Cavender filed the instant petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254 asserting eighteen grounds of ineffective assistance of trial counsel. [R. 1]. This matter is now before the Court on the Respondent's Motion to Dismiss Without Prejudice, Hold in Abeyance Due to Unexhausted Claims Being Appealed in Kentucky State Court, or in the alternative, an Extension of Time to File an Answer. [R.22]. In support of the motion, the Respondent asserts that because Cavender has not fully exhausted all claims, the instant petition should be dismissed without prejudice. [R.22].

Ordinarily, state prisoners must first exhaust their available state court remedies by fairly presenting all their claims to the state courts before seeking habeas relief. 28 U.S.C. § 2254(b), (c); Rhines v. Weber, 544 U.S. 269, 274 (2005). Normally, the exhaustion requirement is satisfied after a petitioner fairly presents all claims to the highest court in the state of conviction, thus giving the state a full and fair opportunity to rule on a petitioner's claims before seeking relief in federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Dietz v. Money, 391 F.3d 804, 808 (6th Cir. 2004). The exhaustion principle requires a state prisoner to invoke one full round of the state's established review procedures. O'Sullivan, 526 U.S. at 842. The petitioner bears the burden of proving that he has exhausted all state court remedies before bringing a 28 U.S.C. § 2254 habeas corpus action. Rust v. Zent, 17 F.3d 155, 160 (6th Cir. 1994). However, the Petitioner in this case admits that all of his claims of ineffective assistance of counsel are not fully exhausted. [R. 1]. In addition to the pending appeal regarding his 11.42 motion, Cavender filed the instant matter, raising the same issues presented in his direct appeal to the Kentucky Court of Appeals. This Court finds that Cavender's writ of habeas corpus pursuant to 28 U.S.C. § 2254 [R. 1] is premature given the state court has yet to rule on the issues presented. Cavender asks the Court to excuse complete exhaustion due to the state court's inordinate delay in his post-conviction attempts, rendering the state process ineffective.

[R. 1]. However, the record reflects that while his Rcr 11.42 motion was pending, he continued to pursue various avenues of relief from the state courts, and he is currently pursuing a recently filed appeal of the denial of his RCr 11.42 motion. Under these circumstances, he is unable to demonstrate the absence of available state corrective process or the presence of other circumstances that would render the state process ineffective to protect his rights. See Rose v. Lundy, 455 U.S.509 (1982); In re Bowen, 436 F.3d 699, 701 (6th Cir. 2006); Morris v. Wingo, 421 F.2d 651 (6th Cir. 1970).

Accordingly, having considered the matter fully, and the Court being otherwise sufficiently advised,

IT IS RECOMMENDED that the Respondent's motion that the action be DISMISSED WITHOUT PREJUDICE to any future re-submission [R. 22] be GRANTED. Any such re-submission would be subject to the applicable statute of limitations, which this Recommendation does not implicate or affect in any way.

Signed July 24, 2012.



Signed By:
*Edward B. Atkins*  *EBA*
United States Magistrate Judge