UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| EMORY JOHNNY CAVENDER | ) | |
| | ) | |
| Petitioner, | ) | Civil No: 12-103-GFVT |
| | ) | |
| V. | ) | |
| | ) | |
| STEVE HANEY, WARDEN, | ) | **ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court on the Report and Recommendation filed by United States Magistrate Judge Edward B. Atkins. [R. 25.] The Report and Recommendation addresses the Motion to Dismiss Without Prejudice or Hold in Abeyance Unexhausted Claims Being Appealed in Kentucky State Court filed by the Respondent Steve Haney. [R. 22.]  Judge Atkins recommends that this Court grant the motion and dismiss Petitioner Emory Cavender's instant Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 because he has not exhausted all available state court remedies. [R. 25, at 2-3.]

Cavender filed an Objection to the Report and Recommendation wherein he argues that dismissal is inappropriate. [R. 29.]  He asserts that his "parole board claim is ripe for federal review" because the statute of limitations has already run. [*Id.*, at 2.] Further, he explains that the exhaustion requirement does not apply to him because of unnecessary delay in the adjudication of his challenges.  Cavender's objections trigger this Court's duty to conduct a *de novo* review. *See* 28 U.S.C. § 636(b)(1)(C).  After

1

considering the pertinent filings and for the reasons set forth below, Cavender's objections will be OVERRULED in part.

I.

After Cavender was convicted of murder and sentenced to life imprisonment, he directly appealed to the Kentucky Supreme Court. That court confirmed his conviction on October 25, 2001, and less than a year later, Cavender filed a RCr 11.42 motion for post-conviction relief in Wolf County Circuit Court, alleging various grounds of ineffective assistance of trial and appellate counsel. [R. 1, at 3.] That motion remained pending in Wolf Circuit Court until it was ruled upon on April 24, 2010. While waiting, Cavender continued to pursue other state avenues for the relief he sought. In 2005 he supplemented his RCr 11.42 motion; in 2006 he attempted reopening his direct appeal to the Kentucky Supreme Court; he participated in evidentiary hearings related to his RCr 11.42 motion in June and July of 2010; and sought and obtained a writ of mandamus issued by the Kentucky Supreme Court. [R. 22.] An appeal of the Wolf Circuit Court's decision is currently pending before the Kentucky Court of Appeals. Despite the pending appeal, Cavender filed his Petition for Writ of Habeas Corpus with this Court. [R. 1.]

II.

A.

Cavender's petition includes exhausted and unexhausted claims. State prisoners must exhaust available state court remedies by fairly presenting all their claims to the state courts before seeking federal review. 28 U.S.C. § 2254(b), (c); *Rhines v. Weber*, 544 U.S.269, 274 (2005). The exhaustion requirement is satisfied after a petitioner fairly presents all claims to the highest court in the state of conviction, thus giving the state a

full and fair opportunity to rule on a petitioner's claims before seeking relief in federal court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *Dietz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004). The petitioner bears the burden of proving that he has exhausted all state court remedies before bringing a section 2254 habeas corpus action. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Cavender concedes that several of the claims asserted in his petition have not been fully exhausted, but argues against dismissal based on the procedural delay he has endured, and the real possibility that the statute of limitations may run on his exhausted claims. [R. 1, at 5.] He contends that undue delay in his post-conviction appeals have rendered the state process ineffective pursuant to section 2254(b)(1)(B)(ii). [R. 29, at 5.] "[H]abeas relief generally should not be granted until the prisoner has exhausted his state remedies, unless there exist 'circumstances rendering such process ineffective to protect the rights of the prisoner.'" *Workman v. Tate*, 957 F.2d 1339, 1344 (6th Cir. 1992).

Absent from Cavender's recounting of the delay, the eight-year gap between the filing of his RCr 11.42 motion and its denial in April 2012, are several details. Judge Atkins found that "while his RCr 11.42 motion was pending," Cavender pursued "various avenues of relief from the state courts". [R. 25, at 3.] For instance, in 2006 he unsuccessfully attempted to reopen a previously filed direct appeal to the Kentucky Supreme Court. [R. 22-5, 22-11.] He also filed supplemental claims to his RCr 11.42 motion in 2005. [R. 1, at 8.] The existence of these avenues shows that there was not a complete absence of effective state appellate process and therefore the failure to exhaust state remedies is not excused. *See, e.g., Turner v. Bagley*, 401 F.3d 718, 722 (6th Cir.

2005) (court found that excuse of exhaustion requirement was appropriate where a case remained on the docket for nearly eleven years without meaningful attention).

## B.

Cavender does, however, have claims that have been exhausted. His parole board claims are ripe for federal review because the United States Supreme Court denied his petition for a writ of certiorari on May 23, 2011. [R. 1-4, at 2, 3.] The one-year statute of limitations for filing a federal habeas petition as to those claims began running on the day the petition was denied. *See Sells v. Wolfe¸* 77 Fed.Appx. 299, 302 (6th Cir. 2003); *see also* 28 U.S.C. § 2244(d)(1)(A). [*Id.*]  Therefore, Cavender had until May 23, 2012 to file his habeas petition.

Cavender, appropriately, is concerned that if this matter is dismissed, then those claims that are now ripe will be time barred by the time the unexhausted claims are suitable for federal review. "[F]ederal district courts must dismiss 'mixed' habeas petitions-those containing both unexhausted and exhausted claims." *Pliler v. Ford*, 542 U.S. 225, 227 (2004) (citing *Rose v. Lundy*, 455 U.S. 509, 522 (1982)). The combined impact of *Rose* and the one-year statute of limitations period is that Cavender risks losing his exhausted claims if the court dismisses this matter. *See id.* However, the Supreme Court has left the Circuits discretion to rectify the procedural nightmare that exists for petitioners when they face such daunting circumstances. The Sixth Circuit Court of Appeals has reasoned that dismissing the unexhausted claims and staying further proceedings on the remaining exhausted claims until the petitioner has exhausted its claims in state court is a reasonable solution to an otherwise untenable predicament. *See Palmer v.* Carlton, 276 F.3d 777, 781 (6th Cir. 2002).

**III.**

Given the procedural posture of this matter, the approach approved in this Circuit shall be followed by this Court. Accordingly, the Court being sufficiently and otherwise advised, it is hereby **ORDERED** as follows:

(1) The Petitioner's Objection to Report and Recommendation [R. 29] is **OVERRULED in part**;

(2) The Magistrate Judge's Report and Recommendation [R. 25] is **ADOPTED in part** as the opinion of this Court;

(3) Petitioner's unexhausted claims are **DISMISSED without prejudice**; and

(4) Petitioner's claims related to the Supreme Court's denial of his petition for a writ of certiorari on May 23, 2011, are **STAYED** pending resolution in state court of the unexhausted claims.

This 3rd day of December, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge